Filed 9/17/25  P. v. Davis CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D083988 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE419949) |
| JAMES ALLEN DAVIS, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Lilys D. McCoy, Judge.  Affirmed.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

James Allen Davis appeals from a judgment after a jury found him guilty of assault with force likely to produce great bodily injury (Pen. Code,[1] § 245, subd. (a)(4)) (count 1) and battery with serious bodily injury (§ 243, subd. (d)) (count 2). With respect to count 1, the jury also found true an enhancement allegation that Davis personally inflicted great bodily injury on the victim within the meaning of section 12022.7, subdivision (a). In addition, with respect to both counts, the jury found true the special allegation that Davis personally inflicted great bodily injury on the victim within the meaning of section 1192.7, subdivision (c)(8). At sentencing on count 1, the trial court struck the punishment for the great bodily injury enhancement and sentenced Davis to the midterm of three years. The court also imposed, but stayed the execution of, a three-year midterm sentence on count 2 under section 654.

On appeal, Davis raises two claims. First, he maintains that the evidence is insufficient to support the jury's true findings on the great bodily injury allegations (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8)). Second, he claims that the trial court erred in failing to instruct the jury on the lesser included offenses of simple assault on count 1 and simple battery on count 2. We conclude that the evidence is sufficient to support the great bodily injury findings, although just barely so. We further conclude that the trial court erred in failing to instruct on the lesser included offenses, but the error was harmless. Accordingly, we affirm the judgment.

FACTUAL BACKGROUND

On the day of the charged offenses, Davis asked the victim, a store manager, if he could use the store's bathroom. After the victim responded that the store's bathroom was only for customers, Davis walked throughout

---

[1] All further statutory references are to the Penal Code.

2

the store, pushing merchandise off the shelves onto the floor.  The store manager called 911 and followed Davis as he walked out of the store still throwing merchandise on the ground as he left.

Eventually, while Davis and the victim were outside the store, approximately 15 feet apart, just as the victim was finishing her conversation with the 911 operator, Davis turned around and ran toward the victim. Davis threw the victim to the ground and began to punch and kick her head. The victim attempted to protect her head by assuming a "fetal position" and "squeezing [her] hands" close to her head.  Within seconds, several bystanders came to the scene.  A woman drove up and started honking her horn while her husband got out of their car and angrily told Davis to stop the attack.  Davis ran from the immediate area and was arrested at a nearby restaurant shortly thereafter.

## DISCUSSION

A.  *There is sufficient evidence to support the jury's true findings on the great bodily injury allegations*

Davis claims there is insufficient evidence in the record to support the jury's true findings on the great bodily injury allegations (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8)).  We disagree.

In reviewing a challenge to the sufficiency of the evidence to support a conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (*Jackson v. Virginia* (1979) 443 U.S. 307, 319.)  "[T]he court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact

3

could find the defendant guilty beyond a reasonable doubt." (*People v. Johnson* (1980) 26 Cal.3d 557, 578.)

A challenge to the sufficiency of the evidence supporting a jury's true finding on a great bodily injury enhancement (§ 12022.7) is governed by the same standard of review. (*People v. Escobar* (1992) 3 Cal.4th 740, 750.) As the *Escobar* court explained: "It is well settled that the determination of great bodily injury is essentially a question of fact, not of law. ' "Whether the harm resulting to the victim . . . constitutes great bodily injury is a question of fact for the jury. [Citation.] If there is sufficient evidence to sustain the jury's finding of great bodily injury, we are bound to accept it, even though the circumstances might reasonably be reconciled with a contrary finding." ' [Citations.]" (*Escobar*, at p. 750.)

Section 12022.7, subdivision (a) provides, "(a) Any person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for three years." Section 12022.7, subdivision (f)(1) provides, "As used in this section, 'great bodily injury' means a significant or substantial physical injury."[2]

Section 1192.7, subdivision (c) provides in relevant part: "As used in this section, 'serious felony' means any of the following: [¶] . . . (8) any felony in which the defendant personally inflicts great bodily injury on any person." It is undisputed that "great bodily injury," in section 1192.7, subdivision (c)(8)

---

[2] At the time of the offenses, the relevant language was contained in former section 12022.7, subdivision (f). Given the absence of any change in the language at issue, we quote the current statute for purposes of clarity here and throughout this opinion.

4

has the same meaning as when used in section 12022.7, subdivision (a). (See also CALCRIM No. 3160.)[3]

Great bodily injury " 'is an injury that is greater than minor or moderate harm.' " (*People v. Wyatt* (2012) 55 Cal.4th 694, 702 (*Wyatt*); see also *People v. Sandoval* (2020) 50 Cal.App.5th 357, 361 [noting that great bodily injury is "significant or substantial physical injury that is more than minor or moderate"].) In *People v. Cross* (2008) 45 Cal.4th 58 (*Cross*), our Supreme Court reaffirmed the jury's critical role in determining whether an injury amounts to great bodily injury. As the *Cross* court explained, " ' "A fine line can divide an injury from being significant or substantial from an injury that does not quite meet the description.' " [Citations.] Where to draw that line is for the jury to decide." (*Id.* at p. 64.) The *Cross* court further explained that case law "acknowledges that a great bodily injury determination by the jury rests on the facts as presented at trial in the context of the particular crime and the particular injuries suffered by the victim." (*Id.* at p. 65.) The *Cross* court added, "Proof that a victim's bodily injury is 'great'—that is, significant or substantial within the meaning of section 12022.7—is commonly established by evidence of the severity of the victim's physical injury, the resulting pain, or the medical care required to treat or repair the injury." (*Id.* at p. 66.) And the court clarified that, "to be significant or substantial the injury need not be so grave as to cause the victim ' "permanent," "prolonged," or "protracted" ' bodily damage." (*Id.* at p. 64.)

---

3    Pursuant to CALCRIM No. 3160, the trial court instructed the jury, with respect to both the section 12022.7, subdivision (a) and section 1192.7, subdivision (c)(8) allegations, as follows: "Great bodily injury . . . means significant or substantial physical injury. It is an injury that is greater than minor or moderate harm."

5

In this case, the People presented evidence of each of the three types of evidence mentioned in *Cross*. With respect to the severity of injury, the record contains photographs of the victim's face taken shortly after the attack. The images show two contusions on the victim's forehead that appear as large lumps. Consistent with these images, one eyewitness explained that, immediately after the attack, the victim, "had some pretty large lumps and you could kind of see like blood starting to form." The victim's coworker told the jury that the victim had a "massive lump on the left side of her head." Another eyewitness stated that the victim was "very bruised in the face and was bleeding." The eyewitness suspected that the victim "probably was unconscious for maybe a few seconds" during the attack, but he acknowledged that he did "not know that for a fact."[4] This eyewitness also stated that the victim was "leaning on [a] coworker" after the incident. The victim herself stated that she believed that she was "in shock" after the incident.

Further, in considering "the context of the particular crime" (*Cross, supra*, 45 Cal.4th at p. 65), the jury could reasonably consider the level of violence involved in the attack from which the victim's injuries were incurred. One eyewitness explained that Davis "charged the [victim], started hitting her, threw her to the ground, [and] was hitting her and kicking her." The eyewitness added that Davis "was hitting [the victim] so hard that her head was hitting the concrete at the same time he was hitting her." Davis was using "full force both kicking and hitting," and he was targeting her head and chest.

The victim also told the jury that, within an hour of the incident, her injuries were "worse." She explained that the bruises became "like a dark

_____

4    When asked by the prosecutor whether, "during the attack itself, were you conscious," the victim responded, "Yes, I remember. I remember, yeah. I didn't fell [*sic*]. But yeah."

color, and it[] start[ed] going from the top of [her] forehead through [her] eyes to the middle of [her] face." The victim added, "It was like a purple color."

With respect to the "resulting pain" (*Cross, supra*, 45 Cal.4th at p. 66), the victim testified that she suffered headaches several times a week for "around two months" after the incident. She also explained that the headaches often began at night, which she found "unusual because at night your body is resting." The victim also noted that sometimes the headaches continued even after taking one tablet of Advil, and that she would take another tablet if the pain persisted.

Finally, with respect to medical care, immediately after the event, bystanders urged the victim to seek medical attention because her injuries "looked pretty bad." The victim did so, and she was transported by ambulance to the emergency room where she was seen by a doctor. Her discharge instructions recommended that she see her personal physician for a follow-up visit, but she was "not able to do it."

Notwithstanding such evidence, Davis argues that the evidence is insufficient in part because the record lacks certain manifestations of great bodily injury that courts in other cases have relied upon in rejecting sufficiency challenges to great bodily injury findings. We are not persuaded. As an initial matter, while we appreciate both parties' discussion of the case law discussing sufficiency challenges, the Supreme Court has cautioned both against relying too heavily on comparisons with other cases in this context (see *People v. Thomas* (1992) 2 Cal.4th 489, 516 ["When we decide issues of sufficiency of evidence, comparison with other cases is of limited utility, since each case necessarily depends on its own facts"]), and on concentrating too heavily on the absence of particular forms of evidence (see *People v. Story* (2009) 45 Cal.4th 1282, 1299 ["The Court of Appeal erred in focusing on

evidence that did not exist rather than on the evidence that did exist"].)  Put simply, the fact that the record does not contain the same types of evidence of great bodily injury found in *other* cases does not establish that the evidence of injury that is in the record in *this* case is insufficient.

Further, while Davis reasonably points out that there was no evidence that the victim's injuries "affect[ed] her ability to . . . engage in normal activities," and "no medical records were admitted," and that the victim only took an "over-the-counter medication" for pain, and was "able to return to the store, take pictures, and call the store general manager immediately after the incident," these facts do not establish that a jury could not reasonably find, based on the evidence that the People *did* present, that the victim's injuries were "significant or substantial." (§ 12022.7, subd. (f)(1).)  While we acknowledge that the evidence in this case might be said to be at the outer perimeter of what is necessary to establish great bodily injury, it is, in our view, legally sufficient.  The standard that the jury was required to apply here, whether the injury was "significant or substantial" (*ibid*.) provides for ample room for it to "draw [the] line" in determining whether great bodily injury is present.  (*Cross, supra*, 45 Cal.4th at p. 64; accord *In re Cabrera* (2023) 14 Cal.5th 476, 484–485 (*Cabrera*) [noting "the generality of the definition of great bodily injury," and that "[i]t is the jury's responsibility to determine where along that continuum it believes the harm becomes a ' "significant or substantial physical injury" rather than a "moderate" or "minor" ' one"].)  The evidence recounted above pertaining to the severity of the victim's injury, her lasting pain, and the medical care she received, leads us to the conclusion that a jury could have reasonably found that the victim's injuries crossed over the "fine line" into great bodily injury.  (*Cross*, at p. 64.)

Accordingly, we conclude there is sufficient evidence to support the jury's true findings on the great bodily injury allegations.

B. *The trial court's error in failing, sua sponte, to instruct on the lesser included offenses of simple assault and simple battery was harmless*

Davis claims the trial court committed reversible error in failing, sua sponte, to instruct the jury on the lesser included offenses of simple assault (§ 240) (count 1) and simple battery (§ 242) (count 2). We conclude the trial court erred in failing to instruct on the lesser included offenses, but that the error was harmless.

1. *The trial court erred in failing to instruct on the lesser included offenses*

" ' " ' "[I]t is settled that in criminal cases, even in the absence of a request, the trial court must instruct on the general principles of law relevant to the issues raised by the evidence." [Citations.] . . . That obligation has been held to include giving instructions on lesser included offenses when the evidence raises a question as to whether all of the elements of the charged offense were present [citation], but not when there is no evidence that the offense was less than that charged. [Citations.]' " ' [Citation.]" (*People v. Wilson* (2021) 11 Cal.5th 259, 295; see also *Wyatt, supra*, 55 Cal.4th at p. 704 ["[s]uch instructions are required only when there is substantial evidence that, if the defendant is guilty at all, he is guilty of the lesser offense, but not the greater"].) "On appeal, we review independently . . . whether the trial court improperly failed to instruct [the jury] on a lesser included offense." (*People v. Souza* (2012) 54 Cal.4th 90, 113.)

Simple assault (§ 240) is a lesser included offense of the greater charged offense in count 1 of assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4)). (See *People v. Yeats* (1977) 66 Cal.App.3d

9

874, 879.) It is also undisputed that simple battery (§ 242) is a lesser included offense of battery causing serious bodily injury (§ 243, subd. (d)). (Cf. *People v. Modiri* (2006) 39 Cal.4th 481, 489, fn. 4 ["The jury also convicted defendant of simple battery, a misdemeanor, as a lesser included offense of battery with serious bodily injury."].)

With respect to the charged offense of assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4)) (count 1), there was sufficient evidence to support the jury's verdict that Davis used the requisite force. Multiple witnesses testified that Davis repeatedly punched and kicked the victim in the head. And, as we described in connection with Davis's sufficiency claim, there was testimony that he did so with "full force," hitting the victim "so hard that her head was hitting the concrete at the same time he was hitting her."

There was, however, also substantial evidence before the jury from which it could have reasonably found that Davis did *not* use force that was likely to produce great bodily injury, and thus that he merely committed the lesser offense of simple assault. Davis did not use a weapon, the victim was able to partially protect her head with her hands and arms, and the number of punches and kicks that Davis inflicted was necessarily limited by the brief duration of the attack, which the jury could reasonably find lasted approximately 15 seconds. Further, as we have outlined, the actual injury suffered, although sufficient to constitute great bodily injury, was just marginally so. Accordingly, we conclude the trial court erred in failing to instruct the jury on simple assault as a lesser included offense to assault with force likely to cause great bodily injury (§ 245, subd. (a)(4)). (See *People v. Rupert* (1971) 20 Cal.App.3d 961, 968 [trial court erred in failing to provide lesser included offense instruction on simple assault in case where the

10

"evidence [was] sufficient to support the jury's finding of assault by means of force likely to produce great bodily injury, [but] the jury might also have reasonably concluded that no such force was used"].)

Similarly, with respect to count 2, while Davis does not dispute that the evidence was sufficient to support the jury's verdict of guilty of the charged offense of battery with serious bodily injury (§ 243, subd. (d)), we cannot say that the evidence of the victim's injuries recounted above was so overwhelming that the jury could not have instead reasonably found Davis guilty of simple battery had it been instructed on this offense. In short, there is substantial evidence in the record from which a jury could have found that Davis was guilty of the lesser offense, but not the greater. Therefore, the trial court also erred in failing to instruct on the lesser included offense of simple battery on count 2. (Cf. *People v. Hayes* (2006) 142 Cal.App.4th 175, 182 [court erred in failing to instruct sua sponte on lesser included offense of battery without injury on a deputy probation officer where "the record contains substantial evidence that would absolve appellant of battery with injury but justify conviction of the lesser included offense of battery without injury"].)

### 2. *The trial court's error was harmless*

"[T]he general rule [is] that the failure to instruct on . . . lesser included offenses in noncapital cases is an error of state law." (*People v. Schuller* (2023) 15 Cal.5th 237, 260.) It is undisputed, and we agree, that the general rule applies here. Errors of state law are reviewed under the standard of prejudice established in *People v. Watson* (1956) 46 Cal.2d 818, 836. (*People v. Gonzalez* (2018) 5 Cal.5th 186, 201 (*Gonzalez*).) Under this standard, the erroneous failure to provide an instruction on a lesser included offense "is harmless unless there is a reasonable probability of a different result absent

11

the error." (*Id.* at p. 200, fn. 4.) The defendant has the burden to demonstrate this reasonable probability. (*Id.* at p. 195.)

In determining whether there is a reasonable probability that the error affected the outcome, we undertake "an examination of the entire record." (*People v. Breverman* (1998) 19 Cal.4th 142, 165.) And, it cannot "be said that an erroneous failure to instruct on a lesser included offense is *necessarily* prejudicial, on the premise that if the evidence was substantial enough to warrant lesser offense instructions in the first place, it must have been strong enough to affect the outcome had the instructions not been omitted." (*Id.* at p. 177.) Instead, our harmless "review focuses not on what a reasonable jury *could* do, but what such a jury is *likely* to have done in the absence of the error under consideration. In making that evaluation, an appellate court may consider, among other things, whether the evidence supporting the existing judgment is so *relatively* strong, and the evidence supporting a different outcome is so *comparatively* weak, that there is no reasonable probability the error of which the defendant complains affected the result." (*Ibid.*) Further, in determining whether the requisite reasonable probability exists, we may "rely on a jury's other findings to the extent they are not somehow affected by instructional error." (*Gonzalez, supra*, 5 Cal.5th at p. 200, fn. 4.)

In this case, as discussed above, in addition to finding Davis guilty of the charged offenses, the jury found true, with respect to both counts, that Davis personally inflicted great bodily injury on the victim. Since the jury's findings on the great bodily injury allegations were not affected by the instructional error on the underlying offenses,[5] we may rely on the jury's great bodily injury findings in determining whether there is a reasonable

---

[5] Davis does not argue otherwise.

12

probability that the error in failing to instruct on simple assault or battery was harmless. For the reasons discussed below, we conclude that the jury's findings that Davis personally inflicted great bodily injury in the commission of both of the charged offenses, when combined with our review of the evidence in the record, demonstrates that there is no reasonable probability that the jury would have found Davis guilty only of the lesser offenses of simple assault (count 1) or simple battery (count 2) had it been instructed on those offenses.

With respect to count 1, the jury's finding that Davis personally inflicted great bodily injury on the victim makes it apparent that the jury likely would have found that he applied force likely to cause such injury, even if it had been instructed on simple assault. (Cf. *People v. McDaniel* (2008) 159 Cal.App.4th 736, 748 ["the results of an assault are often highly probative of the amount of force used"].) We acknowledge that it would be hypothetically possible for the evidence in a case to support a jury's finding both that a defendant personally inflicted great bodily injury on a victim, and that the defendant did not use force likely to produce such injury. Such a circumstance might exist where the victim is unusually susceptible to the injury and thus suffers great bodily injury from an application of force by the defendant unlikely to produce such injury. In such a circumstance, it might be possible to say there would have been a reasonable probability of a different result had the trial court instructed on simple assault.

In this case, however, Davis points to no evidence in the record that suggests such a reasonable probability, and our own review of the record reveals no such evidence. Davis's forceful kicking and punching of the victim in the head while she was on a sidewalk, when combined with the jury's finding that such acts produced great bodily injury, demonstrate that there is

13

no reasonable probability that the outcome would have been more favorable to Davis had the court instructed on simple assault. Accordingly, having "consider[ed] the entire record," we conclude that the trial court's error in failure to instruct on simple assault on count 1 was harmless since there was no "reasonable probability of a more favorable result had such instructions been given." (*People v. Delgado* (2013) 56 Cal.4th 480, 492.)

Our harmlessness analysis with respect to count 2, is similar, albeit simpler. "Great bodily injury and serious bodily injury are similar terms," and the California Supreme Court has "more than once called them ' "essentially equivalent." ' " (*Cabrera, supra*, 14 Cal.5th at p. 484.) Even assuming the jury's finding of personal infliction of *great* bodily injury did not necessarily establish that it found that Davis inflicted *serious* bodily injury, given the similarities of the two types of injuries,[6] the jury's great bodily injury finding strongly suggests that the error in failing to provide a simple battery instruction was harmless. Further, Davis points to no evidence in the record that suggests a reasonable probability that, had the court instructed on simple battery on count 2, the jury would have found that Davis was guilty merely of a simple battery, given its finding on that same count that he personally inflicted great bodily injury. Our own review of the record reveals no such evidence.

Davis's argument that prejudice was established because the jury was faced with an "all-or-nothing" choice is unpersuasive. We agree with Davis that the purpose of the rule requiring a trial court to provide a jury with

---

6    The trial court instructed the jury that serious bodily injury means "a serious impairment of a physical condition. Such an injury may include, but is not limited to[:] loss of consciousness, concussion, bone fracture, protracted loss of impairment of function of any bodily member or organ, a wound requiring extensive suturing, and serious disfigurement."

14

instructions on lesser included offenses is to " 'prevent[] either party, whether by design or inadvertence, from forcing an all-or-nothing choice between conviction of the stated offense on the one hand, or complete acquittal on the other.' " (*People v. Lopez* (2020) 9 Cal.5th 254, 272; see also *Gonzalez, supra*, 5 Cal.5th at p. 200 [discussing this principle].)  Here, however, as discussed, with respect to both counts, the jury had the option of finding the allegation that Davis personally inflicted great bodily injury on the victim to be *not* true and merely finding Davis guilty of the underlying offenses.  The jury's additional true findings on the great bodily injury allegations suggests that the jury did not reach its verdict on the greater charged offenses merely out of a desire to prevent Davis from being acquitted all together.  Stated differently, the fact that the jury rejected the option of merely finding Davis guilty of the underlying offenses and finding the great bodily injury allegations not true, further supports the conclusion that there is no reasonable likelihood that the jury would have opted to find Davis guilty merely of simple assault or simple battery had instructions on these offenses been given.

In sum, we conclude that Davis was not prejudiced by the trial court's error in failing to instruct on the lesser included offenses of simple assault (count 1) and simple battery (count 2).

15

## DISPOSITION

The judgment is affirmed.

                                                                BUCHANAN, J.

WE CONCUR:

O'ROURKE, Acting P. J.

DO, J.